2022 IL App (1st) 200828

THIRD DIVISION
March 31, 2022

No. 1-20-0828

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| JAMIE LICHTER, | ) | |
| | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| | ) | Cook County. |
| v. | ) | |
| | ) | 18 L 696 |
| KIMBERLY PORTER CARROLL as Special | ) | |
| Representative of the Estate of Donald | ) | Honorable |
| Christopher, | ) | John H. Ehrlich |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Burke concurred in the judgment and opinion.

**OPINION**

¶ 1 Approximately two years after a car accident, plaintiff Jamie Lichter filed a personal-injury claim against Donald Christopher. At the time she filed the complaint, plaintiff did not know that Christopher had died. After learning of his death, she filed a motion to appoint a special representative for Christopher's estate to defend the lawsuit.

¶ 2 Two years into the lawsuit, the special representative moved to dismiss the action, claiming that state law required plaintiff to sue Christopher's *personal* representative, not his *special* representative. And since the repose period for suing his personal representative had passed, the case was time-barred. The circuit court reluctantly agreed and dismissed the action,

believing that the disposition was controlled by the decision of our supreme court in *Relf v. Shatayeva*, 2013 IL 114925. We find *Relf* distinguishable and hold that plaintiff sued the correct party. We reverse the dismissal of the action and remand for further proceedings.

¶ 3                                          BACKGROUND

¶ 4      On February 27, 2016, the vehicle Donald Christopher was driving rear-ended the vehicle of Jamie Lichter "with great force" while he was trying to merge onto Interstate 294. On January 19, 2018, she filed a personal-injury suit against Christopher, within the two-year limitations period for a personal-injury suit. See 735 ILCS 5/13-202 (West 2016) (action for personal injury must be filed "within 2 years next after the cause of action accrued"); *Doe v. Hastert*, 2019 IL App (2d) 180250, ¶ 28.

¶ 5      Unbeknownst to plaintiff, Christopher had died in June 2017, about fifteen months after the accident and before the lawsuit was filed. No letters of office were ever issued to open an estate on Christopher's behalf.

¶ 6      In April 2018, plaintiff moved the trial court to appoint a special representative, namely Kimberly Porter-Carroll, to defend the action on Christopher's behalf. Plaintiff indicated in her motion that her investigation revealed that an estate had not been opened for Christopher. The court granted the motion, appointing Porter-Carroll as special representative to replace Christopher as defendant. Ultimately, an attorney for Christopher's insurer, State Farm, entered an appearance on behalf of the special representative.

¶ 7      Over the next two years of litigation, the parties engaged in written and oral discovery, including at least two depositions. A trial was scheduled for April 2020, though it was then postponed indefinitely due to the COVID-19 pandemic.

¶ 8　　　In early March 2020, however, defendant moved to dismiss the complaint with prejudice. Defendant argued that, under section 13-209 of the Code of Civil Procedure, plaintiff had been required to sue the *personal* representative of Christopher's estate, not a *special* representative. See 735 ILCS 5/13-209 (West 2016). And because suits against personal representatives must be filed no later than two years after the running of the limitations period (*id.* § 13-209(c)(4)), and the two-year anniversary of the expiration of the limitations period was February 27, 2020, it was now too late, in March 2020, to cure the mistake; the suit was incurably time-barred.

¶ 9　　　Plaintiff responded that she properly sued a special representative; that any error was a misnomer subject to cure; that she should be permitted to amend the complaint and relate it back to the timely-filed complaint; and that defendant engaged in gamesmanship and should not be rewarded for sitting on its hands for two years' worth of litigation, only to seek dismissal after two years beyond the limitations period had come and gone.

¶ 10　　　The circuit court was sympathetic, noting that "State Farm is not an entirely innocent party in this controversy," as State Farm had litigated the *Relf* decision and knew it well, but sat back and waited until two years had run beyond the limitations period before moving to dismiss. Noting that the law did not require "professional courtesy," however, the court agreed with State Farm that *Relf* controlled the disposition. Though the court found the discussion in *Relf* to be "questionable" insofar as it applied to the facts of this case, it ultimately concluded that *Relf*'s reasoning precluded any outcome other than dismissal.

¶ 11　　　While the court issued its dismissal on June 4, 2020, it was not circulated to the parties until June 16, 2020, after the 30-day limit to appeal. We granted leave to file a late notice of appeal.

¶ 12                               ANALYSIS

¶ 13     This appeal requires us to construe subsections (b) and (c) of section 13-209 of the Code

of Civil Procedure, which govern the procedure when a defendant or potential defendant dies

before the expiration of the applicable limitations period. See *id.* § 13-209(b), (c). It is a question

of law we review *de novo*, owing no deference to the trial court's interpretation of the statute.

*Relf*, 2013 IL 114925, ¶ 21.

¶ 14     Before we examine the details of the language, we provide some context. As the supreme

court explained in *Relf*, section 13-209 addresses two different types of representatives that may

be appointed in the stead of a deceased defendant. One is a "personal representative," who is

appointed after an estate is opened in a probate action and letters of office are issued naming that

personal representative. See *id.* ¶¶ 34-38. The term "personal representative" can be broken

down further into two categories—executors named in the decedent's will, or administrators,

appointed when the decedent died without a will or without a surviving executor—but they all

share the common trait of requiring the issuance of letters of office. *Id.* ¶ 33. Section 13-209 uses

the umbrella term "personal representative." *Id.* ¶ 33.

¶ 15     Then there are "special representatives." A special representative is not appointed for the

purpose of settling an estate writ large; a special representative, as the term suggests, is

appointed for the limited purpose of representing the decedent's estate in a particular proceeding

where no personal representative has been named. *Id.* ¶ 34. That last detail is important—a

special representative is named only when an estate has not been opened, no letters of office

have been issued, and no personal representative has been named. *Id.* Were it otherwise, the

special representative's role would be redundant; she would be performing the same function—

representing the estate—as the personal representative. *Id.* ¶ 54. The terms "personal

4

representative" and "special representative" are thus not interchangeable. *Id.* ¶ 35. They are, in fact, mutually exclusive.

¶ 16    Before 1997, section 13-209 only mentioned "personal representatives." *Id.*; see 735 ILCS 5/13-209 (West 1996). Subsection (c) governed the appointment of a personal representative in the specific instance when the plaintiff did not discover the defendant's death until after the limitations period had run. *Relf*, 2013 IL 114925, ¶ 27; 735 ILCS 5/13-209(c) (West 1996). Subsection (b) covered the situation where the plaintiff knew of the defendant's death before filing suit or, at a minimum, before the limitations period expired. *Relf*, 2013 IL 114925, ¶ 27; 735 ILCS 5/13-209(b) (West 1996).

¶ 17    Though subsections (b) and (c) differed in some respects, generally speaking, if a defendant died before the limitations period expired, the plaintiff was required to name the personal representative as a defendant in the stead of the deceased individual defendant. *Relf*, 2013 IL 114925, ¶ 35. If an estate had been opened, that task would be simple enough; the plaintiff would identify the estate's personal representative through court records and name that personal representative in the lawsuit. *Id.* ¶ 56. If, however, an estate had *not* been opened, and thus no personal representative had been named, the plaintiff would be required to open the estate *herself* under the Probate Act of 1975, seeking the appointment of a personal representative to defend the estate in the lawsuit. See, *e.g.*, 755 ILCS 5/9-3(i), (j), 13-1 (West 2016).

¶ 18    In 1997, the General Assembly amended section 13-209, providing a more efficient and streamlined option for plaintiffs in the event that no letters of office had been issued and, thus, no personal representative had been named for the deceased defendant. Rather than requiring that a plaintiff file a probate action to open the estate and have a *personal* representative appointed to

represent the interests of the deceased defendant, the plaintiff could simply move the court presiding over the lawsuit to appoint a "special representative" for the limited purpose of defending that lawsuit only. *Relf*, 2013 IL 114925, ¶ 35; see Pub. Act 90-111, § 5 (eff. July 14, 1997) (amending 735 ILCS 5/13-209). The sponsor of the 1997 amendment explained that the purpose was to avoid the additional time and cost of opening a probate action just to litigate a single lawsuit: "[N]o one would have to go to probate court, this would allow the judge in a civil case to appoint such a representative." 90th Ill. Gen. Assem., House Proceedings, Mar. 13, 1997, at 49 (statements of Rep. Lang). "Rather than open a probate estate and expend a lot of time, attorney fees, and costs, this would enable the court to appoint someone so that this civil case could continue." Ill. Gen. Assem., House Proceedings, Mar. 13, 1997, at 50 (statements of Rep. Lang).

¶ 19    This 1997 amendment was placed into a new paragraph (2) of subsection (b) of section 13-209. See Pub. Act 90-111, § 5 (eff. July 14, 1997) (amending 735 ILCS 5/13-209). So whereas section 13-209 previously had provided for two different scenarios in which a personal representative could be appointed—one in subsection (b) and one in subsection (c)—the amendment provided for the two different circumstances in which a *personal* representative could be appointed in subsections (b)(1) and (c), with the option of a *special* representative now provided for in subsection (b)(2). *Id.*; see 735 ILCS 5/13-209 (West 1998).

¶ 20    With that background in mind, we consider subsection (b) of the statute, with the reminder that plaintiff argues that this action is governed by subsection (b)(2):

> "(b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

(1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

(2) *if no petition has been filed for letters of office for the deceased's estate*, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs *and without opening an estate*, may appoint a *special representative* for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims." (Emphases added.) 735 ILCS 5/13-209(b) (West 2016).

¶ 21 Plaintiff finds subsection (b)(2) applicable because no petition for letters of office was ever filed for Christopher's estate, and thus it was proper for the court, on plaintiff's motion, to appoint a "special representative." *Id.* § 13-209(b)(2).

¶ 22 Defendant, on the other hand, argues that the matter falls within the purview of subsection (c), which reads as follows:

"(c) If a party commences an action against a deceased person *whose death is unknown to the party before the expiration of the time limited for the commencement thereof*, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's *personal representative* if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action." (Emphases added.) *Id.* § 13-209(c).

¶ 23    Defendant's argument is that plaintiff did not know of Christopher's death until after the expiration of the limitations period—that much is undisputed—and thus she was required to sue a *personal* representative, not a special representative, of Christopher's estate, per subsection (c). And because paragraph 4 of subsection (c) contains a repose period, providing that in no event may a personal representative be sued more than two years after the expiration of the limitations period (*id.* § 13-209(c)(4)), plaintiff's action was subject to dismissal on February 28, 2020, two years after the limitations period expired. Thus, when defendant moved for dismissal in March 2020, dismissal with prejudice was the only recourse.

¶ 24    We first note that the actions plaintiff took squarely tracked the language of paragraph (2) of subsection (b). It is undisputed that the "person against whom an action may be brought"—Christopher—"die[d] before the expiration of the time limited for the commencement

thereof." *Id.* §13-209(b). There is no dispute that "the cause of action survive[d]" and was "not otherwise barred." *Id.* The opening provisions of subsection (b) were clearly satisfied.

¶ 25    As for subsection (b)(2), it is likewise undisputed that "no petition ha[d] been filed for letters of office for the deceased's estate." *Id.* § 13-209(b)(2). Thus, "upon the motion of a person entitled to bring [the] action"—plaintiff—the trial court properly "appoint[ed] a special representative for the deceased party for the purposes of defending the action." *Id.*

¶ 26    Defendant at no time disputes that plaintiff's actions complied with subsection (b)(2). Instead, defendant argues, not without support, that subsection (c) was plaintiff's exclusive remedy because the opening language of subsection (c) more specifically applies. That is, subsection (c) applies when "a party commences an action against a deceased person *whose death is unknown to the party before the expiration of the time limited for the commencement thereof*." (Emphasis added.) *Id.* § 13-209(c).

¶ 27    It is, indeed, undisputed that plaintiff did not learn of Christopher's death until after the expiration of the limitations period. In defendant's view, then, plaintiff's exclusive recourse was to follow the dictates of subsection (c), which provides that "the action may be commenced against the deceased person's *personal* representative" if certain criteria are satisfied. (Emphasis added.) *Id.* And plaintiff did not meet the last of those criteria—she did not sue the personal representative within two years of the running of the limitations period. *Id.* § 13-209(c)(4).

¶ 28    But nothing in the language of subsection (c) suggests that a plaintiff must name the *personal representative* when the option of appointing a special representative is available under subsection (b)(2)—that is, when no estate has been opened and no personal representative has yet been named. We read subsection (c) as differing from subsection (b)(1), based on the timing

9

of when the plaintiff discovered the defendant's death. We do not read subsection (c) as having any bearing on the effect of subsection (b)(2), which stands separate and apart.

¶ 29    Defendant's argument is based on language in *Relf*, 2013 IL 114925, which the trial court found controlling, too. We turn to that decision now.

¶ 30    Relf was injured in a car accident and sued the decedent to recover damages for personal injuries she suffered. *Id.* ¶ 1. She was unaware that the decedent had died, much less that "his will had been admitted to probate, and letters of office had been issued" to the decedent's son to serve as the personal representative of the estate. *Id.* Upon learning of the decedent's death, and without notice to the estate, Relf successfully moved for the appointment of a secretary in her lawyer's office as " 'special administrator' " to defend the lawsuit. *Id.*

¶ 31    The supreme court held that defendant was required to sue the personal representative of the estate—the decedent's son. Relf had argued that a "special administrator" sufficed, but the supreme court noted that the term "special administrator" "is not used anywhere in section 13-209." *Id.* ¶ 42. The court recognized that the term "special *representative*" appeared in section 13-209 and might be considered roughly "equivalent" to a special administrator, but that fact did not assist Relf, as the portions of section 13-209 that concerned the appointment of personal representatives was entirely distinct from those governing special representatives. *Id.* ¶ 35.

¶ 32    Indeed, the court went to great lengths to emphasize that personal and special representatives are not interchangeable. *Id.* Personal representatives are appointed through the issuance of letters of office to settle an estate, while special representatives are appointed for specific purposes when no letters of office have been issued. See, *e.g.*, *id.* ¶ 34 (" 'Special representatives' are referenced only with respect to situations where 'no petition for letters of office for the decedent's estate has been filed.' "); *id.* ¶ 36 ("a 'personal representative' means

one appointed pursuant to a petition for issuance of letters of office"); *id.* ¶ 37 (" 'personal representative' as used in section 13-209 was intended by the legislature to refer specifically to individuals appointed to settle and distribute a decedent's estate pursuant to a petition for issuance of letters of office"); *id.* ¶ 45 ("a 'personal representative' refers specifically to an individual appointed to settle and distribute an estate pursuant to a petition for issuance of letters of office"). The court's discussion of the 1997 amendment that added the appointment of "special representatives" to section 13-209 underscored this point. *Id.* ¶ 35.

¶ 33    Thus, even if Relf were correct that her motion to appoint a "special administrator" were akin to the appointment of a "special representative" under section 13-209, her argument still failed, because Relf had no right to appoint a special representative once letters of office had issued and a personal representative was named. *Id.* ¶ 45. The supreme court explained why the law did not allow the appointment of a special representative once a personal representative had been named pursuant to the issuance of letters of office:

> "Having two separate individuals attempting to operate simultaneously and independently on behalf of the same decedent poses obvious problems for the prompt, efficient and final settlement of the decedent's affairs. Moreover, Illinois law is clear that a testator has the right to designate by will who shall act as his personal representative, and a court may not ignore his directions and appoint someone else to act in that capacity. Where, as here, the testator has designated such a representative, the appointment of another party to serve as special administrator impermissibly infringes on that right and is not allowed." *Id.* ¶ 52.

¶ 34    The lesson we take from *Relf* is that if letters of office have issued, and thus a personal representative is appointed, that personal representative *must* be the party sued by a plaintiff.

11

Suing a special representative or a "special administrator" (in the case of *Relf*) is insufficient if

an estate has been opened, letters of office have issued, and a personal representative is named.

¶ 35    Defendant does not dispute the distinction between a personal representative and a

special representative. Defendant points, instead, to the general discussion of section 13-209 at

the outset of the supreme court's analysis. In initially breaking down section 13-209, the court

wrote:

> "Subsection (b) sets forth the basic procedures and time requirements that must be
>
> followed in situations where a person against whom an action may be filed dies before
>
> the limitations period runs out, the action survives the person's death, and it is not
>
> otherwise barred. If no petition has been filed for letters of office for the decedent's
>
> estate, the court may appoint a 'special representative' for the deceased party for the
>
> purposes of defending the action. 735 ILCS 5/13-209(b)(2) (West 2010).
>
> Otherwise, *i.e.,* if a petition *has* been filed for letters of office for the decedent's estate, an
>
> action may be commenced against the "personal representative" appointed by the court.
>
> 735 ILCS 5/13-209(b)(1) (West 2010).
>
> *The provisions of section 13-209(b) presuppose that the plaintiff is aware of the*
>
> *defendant's death at the time he or she commences the action. A separate set of*
>
> *requirements apply where, as in this case, the defendant's death is not known to plaintiff*
>
> *before expiration of the limitations period and, unaware of the death, the plaintiff*
>
> *commences the action against the deceased defendant directly. This scenario is governed*
>
> *by section 13-209(c)* [citation]. Assuming that the cause of action survives the
>
> defendant's death and is not otherwise barred, section 13-209(c) permits a plaintiff to

preserve his or her cause of action by substituting the deceased person's 'personal representative' as the defendant." (Emphases in original and added.) *Id.* ¶¶ 26-27.

¶ 36    Focusing on that italicized language, defendant says that subsection (b)(2) cannot apply here, because in the supreme court's own words, subsection (b) "presuppose[s] that the plaintiff is aware of the defendant's death at the time he or she commences the action." *Id.* ¶ 27. And plaintiff here, of course, was *not* aware of Christopher's death until long after she filed suit. Thus, in defendant's view, subsection (b) is inapplicable, leaving only subsection (c)—which requires that a *personal* representative be sued, even if one does not currently exist.

¶ 37    If defendant is right, then *Relf* stands for the proposition that, if a plaintiff does not learn of a defendant's death until after the limitations period has expired, that plaintiff must open an estate, get a personal representative appointed, and sue that personal representative. The new option of suing a special representative, created in 1997 for situations where no estate has been opened, would be strictly limited, in defendant's mind, to situations where the plaintiff knows of the defendant's death before the limitations period has expired. The trial court read *Relf* that way, too, though the trial court found that interpretation of subsection (b) "troubling."

¶ 38    We do not read *Relf* as holding anything so extreme. First, that supposed bright-line rule defendant posits was clearly not the holding in *Relf*. Again, the supreme court held that if an estate *has* been opened and a personal representative *has* been appointed, that personal representative must be the party sued in lieu of the deceased defendant. Second and more to the point, the supreme court's general discussion of subsections (b) and (c) must be placed in context. Defendant ignores that, as we already noted, both subsections (b) and (c) contain provisions regarding suits against personal representatives—more specifically, subsections (b)(1) and (c)—and it was necessary for the supreme court to determine which of those two applied.

13

Again, the supreme court found that the specifically-worded subsection (c) covered the instance when the plaintiff first learns of the defendant's death after the limitations period has expired, and thus, by extension, the more generally-worded subsection (b)(1) covers all other scenarios. *Id.* ¶ 27.

¶ 39    We do not read that portion of *Relf* as referring in any way to the very different (and, in *Relf*, factually inapplicable) provision of subsection (b)(2), governing the appointment of a special representative if letters of office have not been issued. The supreme court could not have been more emphatic in explaining the differences between a special and personal representative.

¶ 40    Nor, for that matter, would it have made sense for the supreme court to be referring to subsection (b)(2) in that discussion because, unlike the contrast in language between subsections (b)(1) and (c), the language of subsection (b)(2) says nothing about the timing of when the plaintiff discovers the defendant's death:

> "(b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:
>
> ***
>
> (2) if no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action." 735 ILCS 5/13-209(b)(2) (West 2016).

¶ 41    Unlike the contrast between subsections (b)(1) and (c), which could not possibly apply at the same time—else one of them would be superfluous—there is nothing in the language of

subsection (b)(2) placing a limit on the circumstances in which a plaintiff may avail herself of the streamlined option of asking the court presiding over the lawsuit to appoint a special representative, when no personal representative has been named.

¶ 42    Indeed, to place such a limit on subsection (b)(2) would be contrary to its very purpose. As the language makes clear and as the House sponsor stated on the House floor, the purpose of subsection (b)(2) is to provide a less costly, more efficient, and streamlined option to a plaintiff when an estate has not already been opened and a personal representative has not already been named for the deceased defendant. Rather than force the plaintiff to file a probate action to open an estate solely for the purpose of litigating this one lawsuit, the plaintiff may simply ask the court presiding over the lawsuit to appoint a special representative for this special purpose. We can think of no reason, nor does the language admit of any, why that option should only be available, as defendant claims, when the plaintiff knows that the defendant has died before the limitations period has run.

¶ 43    We thus find nothing in the language of subsection (b)(2), nor in its purpose, to indicate that it applies only if the plaintiff knows of the defendant's death before the limitations period runs. Just as the supreme court in *Relf* noted in repeatedly and emphatically distinguishing between personal representatives and special representatives, we find that subsection (b)(2) stands apart from subsections (b)(1) and (c), which must be read together because they both cover the issue of naming a personal representative.

¶ 44    In sum, the facts of *Relf* are obviously distinguishable, and so too is its holding. *Relf* held that, if a personal representative has been named, that personal representative must be named in the lawsuit. There, letters of office had been issued, and a personal representative had been named, so Relf was required to name the personal representative in the lawsuit. And because

Relf did not learn of the defendant's death until after the limitations period had run, subsection (c) of section 13-209, rather than subsection (b)(1), governed.

¶ 45     *Relf* did *not* hold that a personal representative must be named even if no estate has been opened, and no personal representative named. Subsection (b)(2), which governs when no letters of office have been issued and no personal representative has been named, was surely included in the overall discussion of section 13-209 in *Relf* but played no role in its holding, other than the fact that *Relf* repeatedly made it clear that subsection (b)(2) was not applicable under the facts of that case.

¶ 46     Here, it is undisputed that no estate had been opened in Christopher's name. No letters of office had been issued. No personal representative had been named. Plaintiff was thus well within her rights to elect the option of moving the court presiding over this lawsuit to appoint a special representative under subsection (b)(2) of section 13-209. She took that very step. We find no defect in the naming of that special representative that would warrant dismissal of this case.

¶ 47                                   CONCLUSION

¶ 48     The judgment of the circuit court is reversed. The cause is remanded with directions to reinstate the lawsuit and for any further proceedings.

¶ 49     Reversed and remanded with directions.

**No. 1-20-0828**

| | |
|---|---|
| **Cite as:** | *Lichter v. Carroll*, 2022 IL App (1st) 200828 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-L-696; the Hon. John H. Ehrlich, Judge, presiding. |
| **Attorneys for Appellant:** | Yao O. Dinizulu, of Dinizulu Law Group, Ltd., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Bruce Farrel Dorn & Associates, of Chicago (Ellen J. O'Rourke and Jean M. Bradley, of counsel), for appellee. |