2024 IL App (1st) 220454-U

No. 1-22-0454

Third Division
March 13, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

|  |  |  |
|---|---|---|
| WILLIAM BOULOUTE, | ) | |
| | ) | Appeal from the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 2020 L 012349 |
| | ) | |
| MALINA CARRILLO, as Personal Representative of the | ) | The Honorable |
| Estate of Collin B. Swithin, | ) | Moira S. Johnson, |
| | ) | Judge Presiding. |
| Defendant-Appellant. | ) | |
| | ) | |

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices D.B. Walker and Van Tine concurred in the judgment.

**ORDER**

¶ 1    *Held:*   The question certified by the circuit court is answered in the negative, as a plaintiff's counsel's legal secretary cannot be appointed as the "personal representative" of a deceased defendant's estate for purposes of section 13-209(c) of the Code of Civil Procedure (735 ILCS 5/13-209(c) (West 2020)) where no petition for letters of office has been issued on behalf of the decedent.

¶ 2    In December 2018, plaintiff William Bouloute and decedent Collin Swithin were involved in a motor vehicle accident; nearly two years later, shortly before the expiration of the statute of limitations, plaintiff filed suit against decedent, alleging that decedent's negligence caused

the accident. At the time of filing the lawsuit, plaintiff was unaware that decedent had died in July 2019. Upon discovering decedent's death, plaintiff amended his complaint, naming Malina Carrillo, his attorney's legal secretary, as "personal representative" of decedent's estate. Through counsel, Carrillo filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2020)), claiming that she was not an appropriate "personal representative" of the estate. The circuit court denied Carrillo's motion to dismiss, but granted her request to certify a question concerning the matter for interlocutory appeal under Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019). We granted Carrillo's petition for leave to appeal and, for the reasons that follow, we now answer the certified question in the negative.

¶ 3                                        BACKGROUND

¶ 4        In December 2018, plaintiff and decedent were both driving on the interstate in Illinois when decedent allegedly made an improper lane change, causing a collision with plaintiff's vehicle. At the time, decedent was a resident of Michigan.

¶ 5        In November 2020, plaintiff filed a two-count complaint against decedent and the company which owned the vehicle decedent was driving,[1] alleging that decedent was negligently operating his vehicle at the time of the accident. As decedent was a nonresident, plaintiff served decedent with process through the Illinois Secretary of State.

¶ 6        After serving decedent, and after the expiration of the applicable statute of limitations, plaintiff learned that decedent had died in July 2019. Plaintiff's counsel researched the matter, and discovered that no personal representative had been appointed and no letters of office had

---

[1] The vehicle owner was subsequently dismissed from the litigation and is not a party to the instant appeal.

been issued on decedent's behalf in Michigan. Plaintiff then filed a motion in the circuit court to spread the death of record and to appoint Carrillo "as Personal Representative of the Estate of COLLIN B. SWITHIN, pursuant to 735 ILCS 5/13-209(c)(4) [(West 2020)]," which was granted.

¶ 7    In March 2021, plaintiff filed an amended complaint, substituting Carrillo, as "personal representative" of decedent's estate, as the defendant. Defendant's counsel[2] filed an appearance and a motion to dismiss pursuant to section 2-619 of the Code, claiming that Carrillo was not eligible to serve as a "personal representative" of the estate. Counsel argued that section 13-209(c) of the Code (735 ILCS 5/13-209(c) (West 2020)) required the naming of a "personal representative" in circumstances where the decedent's death was not known to the plaintiff prior to the expiration of the statute of limitations, and that the Illinois Supreme Court had explained that a "personal representative" under the statute referred to someone appointed pursuant to a petition for letters of office. As Carrillo was not appointed pursuant to a petition for letters of office, counsel contended that she was not eligible to serve as a "personal representative."

¶ 8    The circuit court denied defendant's motion to dismiss, but instructed that the parties should either file a motion to certify a question concerning the matter under Rule 308 or "advise whether a substitute 'personal representative' will be appointed for defendant." Defendant filed a motion to certify a question for appeal under Rule 308, and the circuit court ultimately certified the following question:

---

[2] While Carrillo was technically the named defendant, an appearance was filed by an attorney who appears to have been retained by decedent's family. As this attorney challenged Carrillo's ability to serve as "personal representative" of decedent's estate, we refer to him as "defendant's" counsel, not "Carrillo's" counsel to avoid confusion.

"Whether Plaintiff can name his legal secretary, Malina Carrillo, as the 'personal representative' of the Estate of Collin Swithin under 735 ILCS 5/13-209(c) to represent the estate of the decedent?"

¶ 9      We granted defendant's petition for leave to appeal, and this appeal follows.

¶ 10      ANALYSIS

¶ 11      Illinois Supreme Court Rule 308 (eff. Oct. 1, 2019) provides a remedy of permissive appeal from interlocutory orders where the circuit court has deemed that they involve a question of law as to which there is substantial ground for difference of opinion and where an immediate appeal from the order may materially advance the ultimate termination of the litigation. We apply a *de novo* standard of review to legal questions presented in an interlocutory appeal brought pursuant to Rule 308. *Simmons v. Homatas*, 236 Ill. 2d 459, 466 (2010). *De novo* consideration means we perform the same analysis that a trial judge would perform. *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

¶ 12      On appeal, we are asked to interpret the language of section 13-209(c) in order to determine whether Carrillo was an appropriate "personal representative" under that statute. As an initial matter, we note that the applicable law with respect to this issue has evolved during the pendency of the instant appeal. We granted defendant's petition for leave to appeal in April 2022. During the briefing process, a petition for leave to appeal was filed, and ultimately granted, in *Lichter v. Carroll*, 2022 IL App (1st) 200828, a case which similarly involved the interpretation of section 13-209. Upon the granting of the petition for leave to appeal in *Lichter*, the parties in the instant appeal filed an agreed motion for a stay, which we granted. The supreme court issued an opinion in *Lichter v. Carroll*, 2023 IL 128468, on October 26, 2023.

We subsequently lifted the stay in January 2024, and now consider the matter in light of the supreme court's recent decision.[3]

¶ 13    Under the common law, "a dead person is a nonexistent entity and cannot be a party to a suit." *Relf v. Shateyeva*, 2013 IL 114925, ¶ 22. If an individual is deceased when an action is brought, the proceedings do not invoke the circuit court's jurisdiction and "any judgment entered in the case will be a nullity." *Id.* Thus, where a party dies, the action remains viable only if timely substitution of another party operates to preserve the cause of action. See *id.*

¶ 14    Section 13-209 of the Code, entitled "Death of party," addresses situations in which one of the parties to an action dies before the applicable limitations period has expired. Section 13-209 is divided into three subsections: subsection (a), which is not at issue here, governs when and how a case may proceed where the deceased party is the plaintiff, while subsections (b) and (c) concern deceased defendants. See 735 ILCS 5/13-209 (West 2020). Subsection (b) generally applies to cases in which a defendant dies before the expiration of the statute of limitations, while subsection (c) specifically concerns the situation in which a plaintiff has unknowingly commenced an action against an already-deceased defendant and discovers the death only after the expiration of the statute of limitations. See *id.* §§ 13-209(b), (c). Our supreme court has recently held that subsections (b) and (c) are not mutually exclusive, and both may apply in certain circumstances.[4] See *Lichter*, 2023 IL 128468, ¶ 22 (finding that

---

[3] We note that we did not order supplemental briefing on the impact of the *Lichter* decision, and none was requested by the parties. The parties, however, both discussed the appellate decision in *Lichter* in their briefs, and the supreme court ultimately affirmed the appellate court's judgment based on similar reasoning.

[4] We note that, in *Relf*, a unanimous supreme court found that the provisions of subsection (b) "presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action," and that "[a] separate set of requirements," namely, subsection (c), apply where the defendant's death is not known to the plaintiff prior to the expiration of the statute of limitations and the plaintiff commences the action against the deceased defendant directly. *Relf*, 2013 IL 114925, ¶ 27; see also *id.* ¶ 68 (Kilbride, C.J., dissenting) ("I agree with the majority that '[t]he provisions of section 13-209(b)

"either option is available to the plaintiff for her choosing and one subsection does not preclude the use of the other"). The parties in the instant appeal, however, agree that section 13-209(c) is the applicable statutory subsection, and the certified question focuses exclusively on that subsection, so we confine our analysis to consideration of section 13-209(c).

¶ 15 Section 13-209(c) of the Code provides that, if a plaintiff commences an action against a deceased person whose death is unknown to the plaintiff prior to the expiration of the statute of limitations, and the cause of action survives and is not otherwise barred, "the action may be commenced against the deceased person's personal representative" if the plaintiff diligently moves the court for leave to file an amended complaint "substituting the personal representative as defendant" upon learning of the death (735 ILCS 5/13-209(c)(1) (West 2020)) and the plaintiff diligently serves process "upon the personal representative" (*id.* § 13-209(c)(2)). Section 13-209(c) further provides that, "[i]f process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance" (*id.* § 13-209(c)(3)) and "[i]n no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action" (*id.* § 13-209(c)(4)).

---

presuppose that the plaintiff is aware of the defendant's death at the time he or she commences the action,' and is, therefore, not applicable when the defendant's death is unknown to the plaintiff. [Citation.]"). In *Lichter*, however, a divided supreme court indicated that reading *Relf* to suggest that subsection (b) applied only where the plaintiff was aware of the defendant's death at the time of commencement of the action was "reading *Relf* far too broadly." *Lichter*, 2023 IL 128468, ¶ 26. But see *id.* ¶¶ 50, 51 (Rochford, J., dissenting, joined by Overstreet, J.) ("[d]isagree[ing]" with the majority's statement, as "[d]efendant is reading it to mean exactly what it says," but nevertheless finding that the *Relf* court spoke too broadly in that subsection (b) would apply so long as the plaintiff became aware of the death within six months of the expiration of the statute of limitations). As the certified question concerns only subsection (c), however, we have no need to reconcile the supreme court's changing approach to its interpretation of subsection (b).

¶ 16      As highlighted above, section 13-209(c) uses the term "personal representative" multiple times, and such usage is significant. Prior to 1997, section 13-209 provided only for actions against a defendant's "personal representative" in the case of his or her death. See 735 ILCS 5/13-209(b), (c) (West 1996). Similarly, section 13-209 provided for actions to be filed by a plaintiff's "representative" in the case of his or her death. See *id.* § 13-209(a). Section 13-209 made no reference to a "special representative." This term was added to subsections (a) and (b) in 1997, and in each case, the statute allowed for the appointment of a "special representative" if no petition for letters of office for the decedent's estate had been filed. See 735 ILCS 5/13-209(a)(2), (b)(2) (West 2020). The term was not added to subsection (c), which continues to provide only for actions against a defendant's "personal representative." *Id.* § 13-209(c). Our supreme court has explained that the difference in terminology between a "personal representative" and a "special representative" has legal significance, and the terms are not interchangeable. See *Relf*, 2013 IL 114925, ¶ 34. Specifically, a "personal representative" is appointed where petitions for letters of office for the decedent's estate have been filed, while a "special representative" is appointed where no petition for letters of office has been filed. *Id.*

¶ 17      In this case, Carrillo was appointed as the "personal representative" of decedent's estate pursuant to section 13-209(c), despite the fact that no petition for letters of office was filed for decedent's estate. This does not comport with our supreme court's holding in *Relf*, in which the supreme court made clear that "a 'personal representative' means one appointed pursuant to a petition for issuance of letters of office." *Relf*, 2013 IL 114925, ¶ 36.

¶ 18      The *Relf* court went to great lengths to explain the difference between a "special representative" and a "personal representative." The supreme court noted that the Code did not

define the term "personal representative" with respect to section 13-209, and therefore turned to other sources to determine its meaning. *Id.* ¶ 32. First, the supreme court observed that dictionary definitions of the term indicated that " 'personal representative' encompasses both of two basic categories of individuals: executors, who are named in the decedent's will, and administrators, who are appointed where the decedent is intestate or else left a will but has no executor." *Id.* The supreme court then examined the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2010)), which revealed that "executors and administrators share a common trait. They are both officers of the court to whom letters of office are issued." *Relf*, 2013 IL 114925, ¶ 33. Moreover, "[i]ssuance of letters of office would therefore appear to be a hallmark of 'personal representatives' as that term is commonly understood when applied to situations involving estates which must be settled and distributed following a person's death." *Id.*

¶ 19        The *Relf* court found that the terminology used in section 13-209 "is consistent with this usage." *Id.* ¶ 34. The supreme court noted that where the legislature had chosen to use different language in statutory provisions, it was presumed that different meanings were intended, and "the difference in meaning here is apparent." *Id.* The supreme court found that " '[s]pecial representatives' are referenced only with respect to situations where 'no petition for letters of office for the decedent's estate has been filed.' [Citation.] In all other situations, which by inference must be whenever petitions for letters of office *have* been filed, the statute refers to 'representatives' or 'personal representatives.' " (Emphasis in original.) *Id.* The supreme court found no merit to the plaintiff's contention that the two terms should be used interchangeably, as such an approach was "incompatible with the history of section 13-209." *Id.* ¶ 35. The supreme court explained that the legislature had added the term "special representative" in 1997, and found that "[b]y adding the new term 'special representative' and expressly limiting

use of 'special representatives' to situations where no petition for letters of office had been filed, the General Assembly must have understood the preexisting statutory term 'personal representatives' as referring to individuals to whom letters of office had been issued. No other interpretation of the statutory change is tenable." *Id.* The supreme court also noted that proceedings under subsection (c) "us[ed] the time when letters of office issued as a point of demarcation regarding the scope of the estate's liability," which would "serve no purpose" unless "personal representative" was intended to refer specifically to an individual appointed pursuant to the issuance of letters of office. *Id.* ¶ 36.

¶ 20     The *Relf* court further observed that such an interpretation was consistent with other statutes involving a party's death, namely, sections 2-1008(b) and 6-139 of the Code (735 ILCS 5/2-1008(b), 6-139 (West 2010)). *Relf*, 2013 IL 114925, ¶¶ 37, 40. Under both statutes, reference to the decedent's "personal representative" was used only when a petition for letters of office had been filed. *Id.* ¶¶ 37, 40. Indeed, section 2-1008(b) expressly contained a provision providing for the substitution of a "personal representative" in place of the "special representative" upon issuance of a petition for letters of office; the supreme court noted that "[i]f the terms 'personal representatives' and 'special representatives' were synonymous and freely interchangeable, this provision would make no sense." *Id.* ¶ 38. Case law interpreting section 2-1008(b) further supported the distinction between the two. *Id.* ¶ 44.

¶ 21     Similarly, in *Lichter*, the supreme court recently reaffirmed the distinction between "personal representatives" and "special representatives." While that case primarily concerned interpretation of subsection (b)(2), in its analysis, the supreme court consistently distinguished between the appointment of a "personal representative" under subsection (c) and the appointment of a "special representative" under subsection (b)(2). See, *e.g.*, *Lichter*, 2023 IL

128468, ¶¶ 17, 20, 22, 28; see also *id.* ¶ 6 (noting that "[n]o letters of office were ever issued to open an estate on [the decedent's] behalf, and thus, there was no personal representative to defend the lawsuit"). While the *Lichter* court ultimately found that the appointment of a "special representative" under subsection (b)(2) was permissible despite the fact that the plaintiff did not discover the defendant's death until after the expiration of the limitations period, the supreme court's analysis did not in any way remove the distinction between the two terms, nor did it expand the definition of "personal representative" for purposes of subsection (c). See *id.* ¶ 35 (while the circuit court dismissed the complaint based on subsection (c)'s requirement of a "personal representative," the supreme court reversed upon finding that appointment of a "special representative" was permitted under subsection (b)(2)).

¶ 22        In this case, as noted, there is no dispute that no estate was ever opened on behalf of decedent, and that Carrillo was appointed as decedent's "personal representative" pursuant to section 13-209(c). As explained by our supreme court in *Relf*, therefore, Carrillo's appointment was impermissible, as she was not eligible to be named as a "personal representative" in the absence of issuance of a petition for letters of office. We accordingly must answer the circuit court's certified question in the negative.

¶ 23        We briefly note that plaintiff, for the first time on appeal, contends that section 13-209(b)(2) would have provided an alternative basis for permitting Carrillo's appointment as "personal representative." We decline to consider this argument, which is based on the appellate decision in *Lichter*, subsequently affirmed by the supreme court. First, plaintiff never relied on subsection (b)(2) before the circuit court, and a party may not raise an issue for the first time on appeal; indeed, plaintiff even specifically cited subsection (c) in his motion to appoint Carrillo. See *Vantage Hospitality Group, Inc. v. Q Ill Development, LLC*,

10

2016 IL App (4th) 160271, ¶ 49 ("It has long been the law of the State of Illinois that a party who fails to make an argument in the trial court forfeits the opportunity to do so on appeal."). Second, *Lichter* involved the appointment of a "special representative," not a "personal representative," which, as explained above, are not synonymous terms, so plaintiff's reliance on *Lichter* is questionable at best. Finally—and most importantly—the scope of subsection (b)(2) is not before us, as the question certified by the circuit court concerns only subsection (c). See *Rozsavolgyi v. City of Aurora*, 2017 IL 121048, ¶ 25 (the scope of review under Rule 308 is generally limited to the certified question). We therefore express no opinion as to the availability of subsection (b)(2) to the instant litigation, and similarly do not express any opinion as to plaintiff's suggestion that the naming of Carrillo as "personal representative" should be considered a "misnomer."

¶ 24                                CONCLUSION

¶ 25        For the reasons set forth above, we answer the certified question in the negative. Where no petition for letters of office has been issued on behalf of a deceased defendant, the plaintiff's counsel's legal secretary cannot be appointed as the "personal representative" of the decedent's estate for purposes of section 13-209(c) of the Code.

¶ 26        Certified question answered.