# Illinois Official Reports

## Appellate Court

*Goering v. Midwest Neurology, Ltd.*, 2021 IL App (2d) 200735

| | |
|---|---|
| Appellate Court Caption | LILLIAN GOERING, as Guardian of the Estate of Laura Martinez, a Disabled Person, Plaintiff-Appellant, v. MIDWEST NEUROLOGY, LTD., and ANDREW D. TA, M.D., Defendants-Appellees. |
| District & No. | Second District<br>No. 2-20-0735 |
| Filed | November 15, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 16-L-501; the Hon. Mark A. Pheanis, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Michael B. Gunzburg, of Highland Park, for appellant.<br><br>David J. Cahill, Catherine Basque Weiler, and Christian A. Sullivan, of Swanson, Martin & Bell, LLP, of Lisle, for appellees. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Presiding Justice Bridges and Justice Schostok and concurred in the judgment and opinion. |

**OPINION**

¶ 1        This case returns to us following our remand to the trial court in *Goering v. Midwest Neurology, Ltd.*, 2019 IL App (2d) 180867-U (*Goering I*). In *Goering I*, we held that, *inter alia*, the trial court erred by failing to recognize the amended complaint of plaintiff, Lillian Goering, as guardian of the estate of Laura Martinez, a disabled person, as the operative pleading and by granting summary judgment in favor of defendants, Midwest Neurology, Ltd. (Midwest Neurology), and Andrew D. Ta, M.D., where that pleading raised a genuine issue of material fact as to when Martinez became disabled. *Id.* ¶¶ 45, 47.

¶ 2        On remand, defendants successfully moved for reconsideration of the trial court's grant of leave to plaintiff to file her amended complaint. Defendants also successfully moved for summary judgment on, essentially, the original complaint. On appeal, plaintiff argues that the trial court's grant of defendants' motions for reconsideration and summary judgment in their favor is precluded by the law of the case doctrine. We agree and reverse and remand for trial on the amended complaint.

¶ 3                                    I. BACKGROUND
¶ 4                                  A. Initial Litigation
¶ 5        The factual background of this case at the time of our decision in *Goering I* is detailed in that order. *Id.* ¶¶ 4-20. We summarize it again here to provide context for our current discussion.

¶ 6        Prior to 2007, Martinez was diagnosed with multiple sclerosis (MS), an autoimmune disease that attacks white matter in the brain and spinal cord. MS is a progressive and debilitating disease for which there is no cure. Martinez began treatment with Dr. Ta, an employee of Midwest Neurology.

¶ 7        From March 2008 until October 2012, Dr. Ta treated Martinez with Tysabri, a medication used to treat MS. Tysabri cannot cure MS, but it can slow the progression of the disease. Dr. Ta knew that treating patients with Tysabri for longer than two years placed them at an increased risk for developing progressive multifocal leukoencephalopathy (PML), a rare brain infection that causes severe disability. Dr. Ta also knew that Martinez had multiple risk factors that placed her at a higher risk for developing PML with Tysabri.

¶ 8        In July 2015, Martinez, through her attorneys, filed a two-count medical negligence complaint against defendants. The complaint alleged that Martinez was diagnosed with PML in November 2012 and that defendants were negligent in failing to monitor her for new signs and symptoms of PML and in failing to follow the "boxed warning" of the medication Tysabri. The complaint also alleged that Martinez did not know and could not have known that defendants failed to comply with the standards of care until after she discovered the medication's warnings in June 2015. This complaint was voluntarily dismissed in October 2015.

¶ 9        In October 2016, Martinez refiled the original complaint but included a physician's report. In April 2017, defendants answered the refiled complaint in the form of a general denial and an affirmative defense that the action was barred by the two-year statute of limitations (see 735 ILCS 5/13-212(a) (West 2016)). Thereafter, the parties engaged in discovery.

¶ 10    In April 2018, the probate court found that Martinez was legally disabled and appointed her mother, plaintiff, as guardian of her estate and person. Plaintiff moved for leave to file an amended complaint and to substitute plaintiff, as guardian of Martinez's estate, as plaintiff and to conform the pleadings to the anticipated proofs. Defendants objected to the motion. Defendants filed a combined motion to dismiss and for summary judgment on statute of limitation grounds, directed at the October 2016 refiled complaint.

¶ 11    After a hearing to determine whether Martinez was competent to give a deposition, the trial court, Judge Mark A. Pheanis, presiding, ruled that there was no reason to depose her and that it would not allow her to testify in her current condition. The trial court continued plaintiff's motion for leave to file an amended complaint. Plaintiff filed a motion for reconsideration. On May1, 2018, the trial court, Judge James R. Murphy, presiding, after hearing argument and conferring with Judge Pheanis, granted plaintiff's motion for leave to file an amended complaint and provided defendants 21 days to file any motion directed against the amended complaint.

¶ 12    Plaintiff's amended complaint alleged, in part, the following.

"That [plaintiff] was the duly appointed guardian of the estate of [Martinez], a legally disabled person.

* * *

That on or about November 15, 2012, [Martinez], was diagnosed with PML, and from that point forward was legally disabled because of the injury to her brain which rendered her entirely without capacity to make or communicate decisions regarding her person and totally unable to manage her estate or affairs.

That at various times during the period of approximately March 2008 through November 15, 2012, [Martinez] exhibited signs and symptoms of PML that were known or should have been known by [defendants].

* * *

Contrary to their [duties, defendants] *** [were] guilty of one or more of the following careless and negligent acts and/or omissions:

a) Failed to adequately monitor [Martinez] for new signs and symptoms of PML, *** during the period of approximately March 2008 through November 15, 2012;

* * *

c) Failed to perform adequate diagnostic testing of [Martinez] during the period of approximately March 2008 through November 15, 2012;

* * *

That from November 15, 2012[,] until the filing of the original complaint, and all times thereafter, [Martinez] did not know, nor could she have known, the [defendants] *** had failed to comply with the applicable standards of care, or that she had been injured as a result of wrongful conduct, because of her mental impairment, incapacity and disability."

¶ 13    Defendants filed a motion for summary judgment, arguing that the first two complaints were barred by the limitations period, which expired on November 15, 2014, two years after Martinez was diagnosed with PML. Regarding plaintiff's amended complaint, defendants argued that Martinez waived the right to claim that she had a legal disability before the

expiration of the limitations period because she admitted in her first two complaints that she did not know that defendants failed to comply with the standards of care until after she discovered Tysabri's warnings in June 2015.

¶ 14 Plaintiff responded that the amended complaint was the controlling pleading and that there was a genuine issue of material fact regarding whether Martinez was under a legal disability when she was diagnosed with PML. Plaintiff attached the affidavit of her subsequent treating physician, Dusan Stefoski, M.D., a neurologist who specialized in patients with MS. Dr. Stefoski opined that, at the time Martinez was diagnosed with PML in November 2012, she

> "suffered from a brain injury caused by PML [that] rendered her totally and permanently mentally disabled due to her severely impaired functions of communication, including the ability to understand others and communicate her thoughts to others, and, as such, she has been unable to make or communicate decisions regarding her person and has been totally unable to manage her estate or the ordinary affairs of life."

¶ 15 The trial court granted summary judgment in defendants' favor, based on Martinez's original and refiled complaints.

¶ 16 **B. Appeal**

¶ 17 In *Goering I*, 2019 IL App (2d) 180867-U, ¶ 50, we vacated the trial court's judgment and remanded. We held that plaintiff's amended complaint was the operative pleading and that the trial court allowed the amended complaint to be filed without limitation and was obligated to accept the allegations in the amended complaint as they were pleaded. *Id.* ¶¶ 26, 35. We applied each factor in *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263 (1992), to the trial court's decision to allow plaintiff to file the amended complaint and determined that all four factors weighed in favor of the trial court's decision. *Goering I*, 2019 IL App (2d) 180867-U, ¶¶ 31-33. We also held that Martinez was not bound by the allegations contained in the first two complaints. *Id.* ¶ 36. We held that there was a genuine issue of material fact regarding when Martinez became legally disabled, so as to toll the statute of limitations pursuant to section 13-212(c) of the Code of Civil Procedure (735 ILCS 5/13-212(c) (West 2018)). *Goering I*, 2019 IL App (2d) 180867-U, ¶¶ 39, 45.

¶ 18 **C. Litigation on Remand**

¶ 19 The trial court granted defendants' motion for reconsideration and to vacate the trial court's May 2018 order that granted plaintiff leave to file the amended complaint. The trial court also denied plaintiff's motion for leave to file the amended complaint but allowed plaintiff to amend the original complaint to change the identity of the plaintiff from Martinez to plaintiff, as Martinez's guardian. Plaintiff objected to being forced to file a new complaint. Plaintiff moved to vacate the trial court's order that vacated its May 2018 order, arguing that the trial court ignored the law of the case in *Goering I*. The trial court denied plaintiff's motion. Plaintiff filed an amended original complaint reflecting plaintiff's appointment as Martinez's guardian and substitution as the plaintiff.

¶ 20 Defendants moved to strike Dr. Stefoski's affidavit, arguing that it was irrelevant and could not be used to contradict a judicial admission by Martinez that she was not mentally disabled,

because plaintiff alleged in the amended original complaint that Martinez discovered her cause of action in June 2015.

¶ 21    Defendants moved for summary judgment, arguing that Martinez was aware of her cause of action when she was first diagnosed with PML on November 15, 2012, and, therefore, she was required to file suit no later than November 15, 2014, due to the two-year limitations period. Plaintiff responded that there was a genuine issue of material fact as to when, if ever, Martinez discovered that she was injured based on defendants' wrongful conduct. Plaintiff attached Dr. Stefoski's affidavit stating that Martinez was under a legal disability as of November 2012. Plaintiff also argued that defendants failed to present affirmative evidence refuting the allegation that Martinez did not discover the wrongful conduct until June 2015. Thus, plaintiff contended, the limitations period was tolled by either Martinez's legal disability or the discovery rule.

¶ 22    The trial court granted defendants' motion to strike Dr. Stefoski's affidavit, reasoning that plaintiff was attempting to use the affidavit to contradict Martinez's prior judicial admissions. The trial court then granted summary judgment in defendants' favor as to all but one of plaintiff's specific allegations of negligence. On November 16, 2020, the trial court granted summary judgment in defendants' favor on the remaining allegation of negligence. The trial court, at defendants' request, ruled that the *Loyola Academy* factors did not support allowing the filing of the amended complaint.

¶ 23    Plaintiff filed a notice of appeal on December 2, 2020.

¶ 24                                 II. ANALYSIS

¶ 25    At issue in this appeal is whether, based on the law of the case doctrine, the trial court improperly vacated its order granting plaintiff leave to file the amended complaint and denied plaintiff's motion for leave to file her amended complaint.

¶ 26    We need not consider the standard of review on the issue of a trial court's order to vacate a prior order, as defendants argue, because we apply the law of the case doctrine. As the application of the law of the case doctrine is a question of law, our standard of review is *de novo*. *In re Christopher K.*, 217 Ill. 2d 348, 363-64 (2005).

¶ 27    The law of the case doctrine bars relitigation of an issue that has already been decided in the same case such that the resolution of an issue presented in a prior appeal is binding and will control upon remand in the trial court and in a subsequent appeal before the appellate court. *American Service Insurance Co. v. China Ocean Shipping Co. (Americas), Inc.*, 2014 IL App (1st) 121895, ¶ 17; *Rommel v. Illinois State Toll Highway Authority*, 2013 IL App (2d) 120273, ¶ 15. The doctrine applies to questions of law and fact and encompasses a court's explicit decisions as well as those decisions made by necessary implication. *American Service Insurance Co.*, 2014 IL App (1st) 121895, ¶ 17.

¶ 28    The purpose of the law of the case doctrine is to protect settled expectations of the parties, ensure uniformity of decisions, maintain consistency during the course of a single case, effect proper administration of justice, and bring litigation to an end. *Norris v. National Union Fire Insurance Co. of Pittsburgh*, 368 Ill. App. 3d 576, 581 (2006). The doctrine is also intended to maintain the prestige of the courts because, if an appellate court issues contrary opinions on the same issue in the same case, its prestige is undercut. *Id.* Thus, when an appellate court reverses a judgment and remands the cause with a specific mandate, the only proper issue on

a second appeal is whether the trial court's order on remand is in accord with the mandate. *Id.*

¶ 29                    A. Trial Court's Order Vacating Leave to File Amended Complaint

¶ 30     Plaintiff argues that the trial court erred by granting defendants' motion to vacate its order granting plaintiff leave to file her amended complaint. We agree with plaintiff that the trial court disregarded our earlier ruling, which is the law of the case. On remand, the trial court ruled:

> "It was never my intent to allow an amendment that changed the substantive pleadings in this case in view of the motion for summary judgment that was pending.
> Consequently, I am going to grant the motion to vacate the May [2019] order which allowed the amended complaint and deny leave to file [the] first amended complaint, at least the first amended complaint that was filed."

¶ 31     The trial court's ruling directly contradicts our prior holding: "Regardless of the trial court's statements above, it allowed the amended complaint to be filed without limitation, knowing its contents. Thus, the trial court was obligated to accept the allegations in the amended complaint as they were pleaded." *Goering I*, 2019 IL App (2d) 180867-U, ¶ 26. We also held: "[T]he trial court erred by failing to recognize plaintiff's amended complaint as the operative complaint and by acknowledging that there was a genuine issue of material fact regarding when Martinez became legally disabled." *Id.* ¶ 45.

¶ 32     This was our holding in *Goering I*, and it remains our holding today under the law of the case doctrine. In other words, on remand, the trial court nullified the pleading we held was the operative pleading that the trial court was bound to accept. *Id.* ¶¶ 26, 45. Therefore, the trial court's order vacating its order that allowed plaintiff to file her amended complaint was inconsistent with our holding, was erroneous, and undercut the authority and prestige of this court. See *Norris*, 368 Ill. App. 3d at 581.

¶ 33     Defendants somewhat disingenuously argue that nothing about *Goering I* precluded the trial court's order that extinguished plaintiff's amended complaint. Our holding that the trial court erred by failing to recognize plaintiff's amended complaint as the operative complaint (*Goering I*, 2019 IL App (2d) 180867-U, ¶ 45) was binding on the trial court, and its attempt to extinguish plaintiff's amended complaint was an attempt to relitigate an issue that we already decided.

¶ 34     Defendants also argue that the law of the case doctrine does not control here because the trial court wanted to remedy its mistake. Defendants note that, on remand, the trial court stated that it had not read the amended pleading and did not intend to allow an amendment that substantively changed the pleading. However, we addressed this issue in *Goering I*, where defendants argued that the trial court allowed plaintiff to file her amended complaint for the sole purpose of substituting plaintiff for Martinez as the plaintiff. *Id.* ¶ 23. The facts indicated that the trial court knew that the amended complaint contained a new allegation: "that [Martinez] was disabled in November 2012 when she was diagnosed with PML." *Id.* Further, defendants argued against allowing the amended complaint because it alleged that Martinez was legally disabled and that she did not know she had a cause of action. *Id.* The trial court initially denied plaintiff's motion for leave to amend. *Id.* ¶ 24. However, on plaintiff's motion to reconsider, Judge Murphy, after conferring with Judge Pheanis, granted plaintiff's motion. *Id.* We concluded that the trial court "allowed the amended complaint to be filed without limitation, knowing its contents," and that it "was obligated to accept the allegations in the

amended complaint as they were pleaded." *Id.* ¶ 26. Therefore, as we decided this issue in *Goering I*, no error needed to be remedied on remand, and the trial court was bound to accept the amended complaint as the operative pleading.

¶ 35                    B. Trial Court's Order Striking Dr. Stefoski's Affidavit

¶ 36      Plaintiff argues that the trial court erred by striking Dr. Stefoski's affidavit. Although the trial court addressed this issue in the context of plaintiff's refiled original complaint, which we have already determined was not the operative pleading, we address this issue because it may arise on remand.

¶ 37      Dr. Stefoski averred that, from November 2012 through the present, Martinez suffered from a brain injury, caused by PML, which rendered her totally and permanently mentally disabled, including the inability to understand others, communicate her thoughts, and make or communicate decisions regarding her person, her estate, or the ordinary affairs of life. The trial court struck Dr. Stefoski's affidavit because the first two complaints alleged that Martinez learned that defendants breached the standard of care when Martinez discovered the warnings for Tysabri in June 2015. The trial court noted that Stefoski's affidavit contradicted Martinez's "testimony."

¶ 38      We remind the trial court that we resolved this issue in *Goering I*. In *Goering I*, defendants argued that Martinez made binding admissions in her first two complaints in that she alleged that she discovered her cause of action when she learned of Tysabri's warnings in June 2015 and did not allege that she was disabled in those complaints. *Id.* ¶ 34. We determined in *Goering I*, however, that the allegations contained in the earlier complaints were not judicial admissions. *Id.* ¶ 36. Therefore, the trial court erred by striking Dr. Stefoski's affidavit, and on remand, the trial court is bound by our prior decision on this issue.

¶ 39                               III. CONCLUSION

¶ 40      For the reasons stated, we reverse the judgment of the circuit court of Kane County and remand the case for trial on the amended complaint and in conformance with this opinion and *Goering I*.

¶ 41      Reversed and remanded with directions.