2024 IL App (2d) 210330-U
No. 2-21-0330
Order filed October 16, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VALERIE CROSS f/k/a Valerie Nieznanski, | ) ) | Appeal from the Circuit Court of Kane County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 09-L-649 |
| | ) | |
| IRVING OCHSENSCHLAGER, as Special Representative of the Estate of KENLYNN CAROL DOLLARS, deceased, | ) ) ) | |
| | ) | Honorable |
| | ) | Mark A. Pheanis, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE McLAREN delivered the judgment of the court.
Justices Hutchinson and Kennedy concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court erred when it granted the defendant's motion to dismiss because the plaintiff could proceed via appointment of a special representative rather than a personal representative where no estate was opened for the deceased defendant; and the trial court properly ruled that neither the doctrines of the law-of-the-case nor collateral estoppel barred the defendant from asserting that plaintiff failed to establish proximate cause. Trial court is reversed in part and affirmed in part.

¶ 2   This case involves who should represent the interests of a deceased defendant regarding her insurance liability coverage against plaintiff's lawsuit. We determine that plaintiff properly

sought the appointment of Irving Ochsenschlager as special representative to defend the lawsuit and represent the interest of the decedent's insurer.

¶ 3    In 2002, following a jury trial, plaintiff, Valerie Cross, f/k/a Valerie Nieznanski, was awarded $462,000 in damages for injuries sustained in an automobile accident with Kenlynn Carol Dollars. On appeal, we reversed and remanded the trial court's entry of the jury award based on evidentiary errors. *Nieznanski v. Dollars*, No. 2-02-0864 (Sept. 23, 2003) (unpublished order under Supreme Court Rule 23). Subsequently, plaintiff voluntarily dismissed her original complaint and filed a new complaint against Dollars. Shortly thereafter, plaintiff learned that Dollars had died. Plaintiff filed a motion to appoint Irving Ochsenschlager as the special representative of Dollars' estate for purposes of defending the lawsuit. The plaintiff then filed an amended complaint naming Ochsenschlager as the special representative of Dollars' estate. Eventually, counsel for Dollars' insurer, State Farm, appeared on behalf of defendant (Ochsenschlager, as special representative of the estate of Dollars).

¶ 4    Plaintiff moved to declare defendant was barred by the doctrines of the law-of-the-case and collateral estopped from arguing the lack of proximate cause. The trial court denied this part of defendant's motion. Defendant, now represented by counsel for State Farm, filed a motion to dismiss plaintiff's complaint, arguing that the action was barred due to a lack of subject matter jurisdiction. Defendant argued that plaintiff failed to appoint a personal representative of Dollars' estate, as required by section 13-209(c) of the Code of Civil Procedure (Code) (735 ILCS 13-209(c) (West 2020). The trial court granted defendant's motion.

¶ 5    Plaintiff argues that the trial court erred when it dismissed her complaint for failure to comply with section 13-209 of the Code and denied her motion to bar defendant from litigating proximate cause. We reverse, in part, and affirm, in part, respectively.

¶ 6                                    I. BACKGROUND

¶ 7       In June 1996, Dollars' vehicle collided with plaintiff's vehicle. In October 1997, plaintiff filed a complaint alleging that Dollars was negligent for driving the wrong way down a one-way street and that she sustained injuries as a result of the collision. A jury found in favor of plaintiff and returned a verdict for $462,000. Dollars appealed and we reversed and remanded for a new trial holding that the trial court evidentiary rulings prevented Dollars from presenting evidence that plaintiff was malingering. *Nieznanski v. Dollars*, No. 2-02-0864 (Sept. 23, 2003) (unpublished order under Supreme Court Rule 23).

¶ 8       On October 16, 2008, plaintiff voluntarily dismissed her case pursuant to section 2-1009 of the Code (735 ILCS 5/2-1009 (West 2008)). Unbeknownst to plaintiff, Dollars had died in December 2008. In January 2009, Dollars' will was filed in the circuit court of Du Page County. The will named Dollars' husband, Harvey Dollars (Harvey), as executor. No letters of office were issued to open an estate on Dollars' behalf. On October 15, 2009, plaintiff refiled her complaint against Dollars. When the process server attempted to serve Dollars with summons, Harvey told the process server that Dollars had died, and he refused to take the documents. In a letter dated December 20, 2009, Harvey informed the court that his wife had died the previous December, his attorneys and the State Farm attorneys told him that he is "not involved in this case," and he did not want to receive information involving the case.

¶ 9       In January 2010, plaintiff proposed Ochsenschlager for appointment as representative of Dollars' estate, and the trial court ordered that notice be sent to Harvey of the proposed appointment. In March 2010, the trial court granted plaintiff's motion to appoint Ochsenschlager as special representative for Dollars' estate, and for leave to file an amended complaint, *instanter*. Plaintiff's amended complaint named Ochsenschlager as the special representative and the

defendant in the case. Subsequently, an attorney for State Farm entered an appearance on behalf of the special representative. Defendant unsuccessfully moved to remove Ochsenschlager as the special representative.

¶ 10    In December 2020, defendant filed a motion to dismiss plaintiff's amended complaint but failed to specify the procedural predicate on which that request for relief was based. Defendant argued that section 13-209(c) of the Code (735 ILCS 5/13-209(c) (West 2020) required plaintiff to appoint a personal representative of Dollars' estate, instead of a special representative and thus, her action was time barred, and the trial court lacked subject-matter jurisdiction.

¶ 11    The trial court granted defendant's motion and dismissed plaintiff's amended complaint. The court's order noted that each subsection of section 13-209 covers distinct scenarios with different requirement for proceeding with a suit, and that "following the requirements of one [sub]section will not serve to confer jurisdiction under another." Subsections (b) and (c) provide:

"(b) If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred:

(1) an action may be commenced against his or her personal representative after the expiration of the time limited for the commencement of the action, and within 6 months after the person's death;

(2) *if no petition has been filed for letters of office for the deceased's estate*, the court, upon the motion of a person entitled to bring an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a *special representative* appointed

- 4 -

under this paragraph (2), the recovery shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims."

(c) If a party commences an action against a deceased person whose death is unknown to the party before the expiration of the time limited for the commencement thereof, and the cause of action survives, and is not otherwise barred, the action may be commenced against the deceased person's personal representative if all of the following terms and conditions are met:

(1) After learning of the death, the party proceeds with reasonable diligence to move the court for leave to file an amended complaint, substituting the personal representative as defendant.

(2) The party proceeds with reasonable diligence to serve process upon the personal representative.

(3) If process is served more than 6 months after the issuance of letters of office, liability of the estate is limited as to recovery to the extent the estate is protected by liability insurance.

(4) In no event can a party commence an action under this subsection (c) unless a personal representative is appointed and an amended complaint is filed within 2 years of the time limited for the commencement of the original action."

(Emphases added.) 735 ILCS 5/13-209(b) (West 2020).

¶ 12    In its written order, the trial court stated:

"The suit filed by plaintiff was a nullity. Jurisdiction would only be conveyed pursuant to strict adherence to the requirements enumerated in 13-209(c). This did not

occur. Accordingly, this Court lacks subject matter jurisdiction, and this defect is not waivable and can be raised at any time."

¶ 13    The trial court reasoned that subsection (b) of section 13-209 did not apply because plaintiff was not aware of Dollars' death prior to filing her complaint. According to the court, only subsection (c) applied to this case because Dollars' death was not known to plaintiff when she filed her complaint, and she did not know about Dollars' death until after the expiration of the limitations period. Relying on *Relf v. Shatayeva*, 2013 IL 114925, the trial court stated that it was now too late for plaintiff to file an action under subsection (c) because the "extra two-year window afforded by section 13-209(c)(4) has closed."

¶ 14    This appeal followed. On October 24, 2022, we held the appeal in abeyance pending our supreme court's decision in *Lichter v. Carroll*, 2023 IL 128468. The supreme court entered its decision on October 26, 2023, and we requested supplemental briefing addressing the decision's impact on this case.

¶ 15                                    II. ANALYSIS

¶ 16    Plaintiff raises two issues on appeal: (1) whether the trial court erred when it dismissed her case pursuant to section 13-209(c) of the Code, and (2) whether the trial court erred when it denied her motion to declare that defendant's negligence "proximately caused some money damages" based on the doctrines of the law-of-the-case and collateral estoppel.

¶ 17                    A. Dismissal Pursuant to Section 13-209 of the Code

¶ 18    Plaintiff challenges the trial court's grant of defendant's motion to dismiss for lack of subject matter jurisdiction. We note that the trial court did not specify the procedural predicate on which defendant's motion to dismiss was based. However, section 2-619(a)(1) authorizes the dismissal of a complaint where the court does not have jurisdiction of the subject matter of the

action. 735 ILCS 5/2-619(a)(1) (West 2020). We review *de novo* a section 2-619(a) motion to dismiss. *Illinois Road & Transportation Builders Ass'n v. County of Cook*, 2022 IL 127126, ¶ 11.

¶ 19   Initially, we clarify that this case does not involve a matter of the trial court's subject matter jurisdiction. This case involves a justiciable matter raised in a civil action within the general jurisdiction of the circuit court. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). The plaintiff's alleged failure to comply with a statutory limitation period did not deprive the trial court of subject matter jurisdiction. See *id.* at 334.

¶ 20   However, this case does involve the interpretation of section 13-209 of the Code, known as the "Death of Party" statute. The interpretation of a statute is a question of law that we review *de novo*. *Goodman v. Goodman*, 2023 IL App. (2d) 220086 ¶ 32.

¶ 21   The primary goal of statutory construction is to ascertain and give effect to the intention of the legislature. *M.U. By & Through Kelly U. v. Team Illinois Hockey Club, Inc.*, 2024 IL 128935, ¶ 16. The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Id.*

¶ 22   In particular, we consider the interpretation of subsections (b) and (c) of section 13-209, that govern the procedures for causes of action brought against a deceased party. 735 ILCS 5/13-209(b), (c) (West 2020).

¶ 23   *Lichter* instructs:

> "The plain language of subsection (b)(2) provides that, if a defendant dies before the statute of limitations period has run and no estate has been opened for the deceased defendant and there is no *personal representative*, the plaintiff may move to appoint a *special representative* to defend the lawsuit. 735 ILCS [5-]13-209(b)(2) (West 2020).)" (Emphases in original). *Lichter*, 2023 IL 128468, ¶ 20.

¶ 24    Here, as in *Lichter*, the trial court dismissed plaintiff's lawsuit because it determined that subsection (c) applies, which requires the naming of a *personal* representative. *Id.* ¶ 9. However, because there was no personal representative of Dollars' estate, "plaintiff was entitled to name a *special representative* pursuant to subsection (b)(2)." (Emphasis in original). *Id.* ¶ 35.

¶ 25    Defendant maintains that the trial court abused its discretion when it appointed Ochsenschlager as special representative on plaintiff's sole recommendation. Defendant cites *Relf v. Shatayeva*, 2013 IL 114925, to support its argument. Defendant misrepresents *Relf*.

¶ 26    In *Relf*, the plaintiff filed a personal injury suit against a driver who had died shortly after an accident with the plaintiff. *Id.* ¶¶ 1, 5. When the plaintiff filed her suit, the decedent's will had been admitted to probate, and letters of office were issued to the decedent's son to serve as independent administrator of the estate. *Id.* ¶ 6. Later, the trial court granted the plaintiff's request to appoint her attorney's legal assistant as "special administrator" of the deceased's estate. *Id.* ¶ 10. The trial court dismissed the plaintiff's lawsuit as untimely because the plaintiff failed to follow the requirements of section 13-209 of the Code. *Id.* ¶¶ 12-17. The supreme court held that the plaintiff was required to sue the personal representative of the estate—the decedent's son. The plaintiff argued that a "special administrator" sufficed, but the supreme court noted that the term "special administrator" "is not used anywhere in section 13-209." *Id.* ¶ 42. The court recognized that the term "special representative" appeared in section 13-209 and might be considered roughly "equivalent" to a special administrator, but that fact did not assist the plaintiff, as the portions of section 13-209 of the Code that concerned the appointment of personal representatives was entirely distinct from those governing special representatives. *Id.* ¶ 35.

¶ 27    Conversely, here, nothing indicates that plaintiff failed to follow the requirements of section 13-209; the trial court appointed Ochsenschlager as *special* representative, where no letters

of office had been issued to anyone to represent Dollars' estate. Therefore, *Relf* is distinguishable from this case and is not controlling.

¶ 28    Defendant also asserts that according to *Relf*, the Probate Act provides that a special representative under section 13-209 of the Code ' "may not be selected upon the recommendation of any person having an interest adverse' to the deceased." *Id.* ¶ 54. Defendant interprets this portion of *Relf* too broadly.

¶ 29    In *Relf*, the supreme court discussed the Probate Act because it provides for "appointment of special *administrators* under limited circumstances." *Id.* ¶ 46. *Relf* does not discuss the issue presented here; the appointment of a "special *representative*" under section 13-209(b)(2) of the Code, which as our supreme court explained was enacted:

> "[T]o create a mechanism that allows the plaintiff to streamline the process and avoid the time and costs of opening an estate in the probate court in a cause of action where the defendant has died." *Lichter*, 2023 IL 128468, ¶ 19.

Here, plaintiff was entitled to request a special representative under subsection 13-209(b)(2) because no one was appointed as personal representative of Dollars' estate and her will had not been admitted to probate.

¶ 30    After a thorough review of the record, we determine that the trial court did not err in its original appointment of Ochsenschlager as the special representative. Therefore, the trial court erred when it dismissed plaintiff's lawsuit.

¶ 31         B. Motion to Bar Based on Law-of-the-Case and Collateral Estoppel

¶ 32    Next, we address plaintiff's argument that the trial court erred when it denied her motion to declare that decedent Dollars' negligence "proximately caused some money damages."

Defendant argues that plaintiff's argument is forfeited because it violates Supreme Court Rule 341(h). We agree.

¶ 33    Plaintiff's brief fails to comply with Rule 341(h)(7), which requires that arguments with contentions and reasons therefore be put forth with citations to authority, as well as pages of the record. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Additionally, plaintiff's attempt to incorporate by reference 153 additional pages from its briefs, filings, and arguments before the trial court as reflected in the record is a vague and unacceptable effort to address the issues argued below without making cogent legal arguments with citations to authority before this court. See *Vancura v. Katris*, 238 Ill. 2d 352, 370 (2010). "One sentence in a brief indicating that defendant 'incorporated' all claims made in earlier proceedings [was] not sufficient to satisfy Rule 341, resulting in forfeiture of claims." *Vancura*, 238 Ill. 2d at 370 (citing *People v. Guest*, 166 Ill. 2d 554, 565 (2005)). Moreover, Rule 341(b)(1) limits an appellant's brief to 50 pages or 15,000 words. Ill. S. Ct. R. 341(b)(1) (eff. Oct. 1, 2020). Plaintiff cannot circumvent this rule by incorporating by reference large chunks of the record. Therefore, plaintiff has forfeited her argument regarding this issue.

¶ 34    Absent forfeiture, we determine that the trial court properly denied plaintiff's motion to declare that decedent Dollars' negligence proximately caused some money damages. Plaintiff contends that the law-of-the-case doctrine and collateral estoppel preclude defendant from arguing on retrial that Dollars' negligence did not proximately cause plaintiff's alleged injuries or damages. We disagree.

¶ 35    The law-of-the-case doctrine bars relitigating an issue that has already been decided in the same case such that the resolution of an issue presented in a prior appeal is binding and will control upon remand in the trial court and in a subsequent appeal before the appellate court. *Goering v.*

*Midwest Neurology, Ltd.*, 2021 IL App (2d) 200735, ¶ 27. The doctrine applies to questions of law and fact and encompasses a court's explicit decisions as well as those decisions made by necessary implication. *Id.*

¶ 36    Plaintiff avers that the law-of-the-case doctrine prevents defendant from arguing on retrial that Dollars' negligence did not proximately cause "some injury and money damage to the plaintiff." However, this contradicts our prior holding: that defendant was entitled to a new trial "[b]ecause defendant should have been allowed to present a defense that plaintiff was malingering." *Nieznanski*, No. 2-02-0864, at 13, 21.[1] Further, we reversed judgment as to the award of all damages awarded by the jury. *Id.* at 11, 23. Therefore, in accordance with our prior holding, the trial court properly denied plaintiff's motion to declare Dollars' negligence proximately caused "some injury and money damage to the plaintiff."

¶ 37    Plaintiff also maintains that collateral estoppel bars defendant from arguing on retrial that Dollars' negligence did not proximately cause "some injury and money damage to the plaintiff." Absent forfeiture, this argument has no merit because, *inter alia*, the issue was not resolved in a final judgment on the merits. See *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 433 (2004) (stating that the minimum requirements for collateral estoppel include, "a final judgment on the merits in the prior adjudication."). Here, as previously discussed, we reversed and remanded the award of damages because the trial court barred evidence that prevented "a defense that plaintiff was malingering." *Nieznanski*, No. 2-02-0864, at 13. Therefore, even if this issue had been preserved by plaintiff, it would fail.

¶ 38                                III. CONCLUSION

---

[1]We note that to malinger is "[t]o feign illness or disability." Black's Law Dictionary 1145 (12th ed. 2024).

¶ 39    For the reasons stated, we reverse in part, and affirm in part the judgment of the circuit court of Kane County.

¶ 40    Reversed in part and affirmed in part.